## FREEMAN *v.* STATE.

(Division B.   June 5, 1933.  Suggestion of Error Overruled, July 7, 1933.)

[148 So. 625.   No. 30488.]

Frank F. Mize, of Forest, and Webb C. Mize, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Frank F. Mize** and **Webb C. Mize,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**Griffith, J.,** delivered the opinion of the court.

The evidence is sufficient to sustain the verdict, and there is no reversible error in the admission of evidence, nor in the instructions to the jury.

There is a question in the case, however, in respect to the juror, O'Ber, which we have regarded as serious. But, upon a careful consideration of all the evidence bearing upon this question, we have come to the conclusion

that the action of the trial court in overruling the motion for a new trial, in which motion the point about said juror was raised, is not so clearly wrong as to authorize us to interfere.

Upon the point that the said juror was not a qualified elector, it appears that the juror was duly registered and qualified, and had voted at all the elections until the making of the new registration in the county only a few months before this trial. It is entirely probable that the juror did not know of the new registration and was, therefore, honest in his answer on the voir dire that he was a qualified elector. Moreover, the new registration books were easily accessible to counsel in impaneling the jury, and if the disqualification of the juror was to be insisted upon because not registered, that point should have been made then. But whether so or not, this point is governed by section 264 of the Constitution which distinctly provides that, while a juror shall be a qualified elector, the want of that qualification shall not vitiate any indictment or verdict.

Affirmed.